GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KATINA ULICH,**

        **Plaintiff,**

v.

**UNITED SCHOOL DISTRICT NO. 500,**
**et al.,**

        **Defendants.**

**Civil Action**

**No. 06-2211-GLR**

## MEMORANDUM AND ORDER

Pending before the Court is the unopposed Motion to Dismiss (doc. 8) filed by Defendant Venita Belden. Pursuant to Fed. R. Civ. P. 12, Defendant Belden moves the Court to dismiss Plaintiff's state law assault and battery claims with prejudice based on Plaintiff's failure to serve process and because the claims are barred by the applicable one-year statute of limitations. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). As discussed below, the motion is granted.

**I.**     **Procedural Background**

On April 24, 2006, Plaintiff filed her Petition for Damages in the Wyandotte County District Court against Defendants Unified School District No. 500 ("USD No. 500") and Venita Belden. Plaintiff alleges that on September 20, 2005, she was enrolled as a student in a certified nursing assistant program and was attending a class at a retirement home in Wyandotte County, Kansas. During the class and while she was attempting to assist her class instructor, Defendant Belden, and

another classmate with a patient transfer, Plaintiff alleges that Defendant Belden shouted at her and, without provocation, struck her on the back and backside of her legs.

In her Petition for Damages, Plaintiff asserts claims for assault and battery against Defendant Belden, and claims arising under 42 U.S.C. § 1983 and upon the premise of *respondeat superior* against Defendant USD No. 500. After filing her Petition, Plaintiff requested the Clerk of Wyandotte County District Court to issue summons for Defendant USD No. 500 by certified mail service. As to Defendant Belden, she instructed the Clerk to "HOLD SERVICE ON THIS DEFENDANT UNTIL FURTHER NOTICE."

Defendant USD No. 500 removed this case to federal court on May 24, 2006, pursuant to 28 U.S.C. §§ 1331 and 1343. In the Notice of Removal, it also indicated that removal to federal court was proper pursuant to 27 U.S.C. § 1332 on the basis of diversity in that Plaintiff is a resident of the state of Missouri and Defendants are both residents of the state of Kansas with the amount in controversy exceeding $75,000. Defendant USD No. 500 expressly noted in a footnote to its Notice of Removal that "[n]o summons has been issued for Defendant Belden and she has not been served with process." In her Consent and Joinder in Notice of Removal (doc. 3), Defendant Belden expressly reserved "the right to object to insufficiency of process, insufficiency of service of process and any other applicable defenses until such time as [she is] required to answer or otherwise plead."

On November 21, 2006, Defendant Belden filed the instant Motion to Dismiss. No party has filed a response in opposition to the motion. D. Kan. Rule 6.1(d)(2) provides that, "Responses to motions to dismiss or for summary judgment shall be filed and served within 23 days."

**II.     Discussion and Analysis**

Defendant Belden moves the Court to dismiss Plaintiff's state law claims asserted against her for lack of service of process. She argues that Plaintiff has failed to serve her with process, or to attempt service of process, and the Court is thus unable to establish personal jurisdiction over her. She also contends that Plaintiff's claims are barred by the applicable one-year statute of limitations because Plaintiff did not obtain service within the 90-day period prescribed by K.S.A. 60-203(a)(1).

When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected within that period.[1] Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit "be considered part and parcel of the statute of limitations."[2]

The applicable statute of limitations for Plaintiff's state law claims against Defendant Belden is set forth in K.S.A. 60-514(b), which provides an one-year limitation on actions for assault or battery. For purposes of determining when the statute of limitations bars an action, K.S.A. 60-203(a) sets forth the requirement that service of process must be obtained within 90 days after the petition is filed, otherwise the action is deemed to commence at the time service is made. It provides in pertinent part:

> A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may

---

[1] *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-753 (1980).

[2] *Id.* at 752.

3

extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).[3]

Thus, if a state law action is commenced within the statute of limitations period, but service of process is not obtained until after the statute of limitations has expired and service of process is also not obtained within the 90 day period for service as provided for in K.S.A. 60-203(a), the action is untimely.[4]

A review of the state court files and records discloses that no service of the summons and the Petition for Damages was accomplished on Defendant Belden before removal. Further review of the court files and records in this case after removal reveals no indication that Plaintiff has attempted to obtain service on Defendant Belden.

Because Plaintiff's cause of action arose on September 20, 2005, Plaintiff had one-year, or until September 20, 2006, to "commence" her action. Under Kansas law, an action is commenced by service of the summons on a defendant, which must be completed within 90 days after the petition is filed, otherwise the action is deemed to commence on the date service if obtained.[5] In this case, because Plaintiff has never served Defendant Belden with process, the action has not been commenced within the applicable one-year statute of limitations and must be dismissed.

**IT IS THEREFORE ORDERED THAT** Defendant Belden's Motion to Dismiss (doc. 8) is granted. Plaintiff's state law claims for assault and battery against Defendant Venita Belden are hereby dismissed with prejudice.

---

[3] K.S.A. 60-203(a).

[4] *Saraniero v. Safeway, Inc.*, 540 F. Supp. 749 (D. Kan.1982).

[5] K.S.A. 60-203(a).

Dated in Kansas City, Kansas on this 16th day of February, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel