IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATINA ULICH,

       Plaintiff,

                                                              Civil Action

v.

                                                              No. 06-2211-GLR

UNIFIED SCHOOL DISTRICT NO. 500,

       Defendant.

## MEMORANDUM AND ORDER

In this removal action, Plaintiff Katina Ulich asserts claims against Defendant Unified School District No. 500 ("USD No. 500"), arising out of an alleged assault and battery committed by her nursing instructor during a class exercise. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). This matter is presently before the Court for consideration of Defendant's Motion for Judgment on the Pleadings (doc. 10) and Motion for Summary Judgment (doc. 36). As set forth below, the Court dismisses Plaintiff's state law claim for assault and battery based upon a *respondeat superior* theory of liability, and enters summary judgment in favor of Defendant on Plaintiff's claim under 42 U.S.C. § 1983.

I.     **Relevant Factual Background**

Plaintiff alleges in her Petition that on September 20, 2005, she was enrolled as a student in the Certified Nursing Assistant ("CNA") program of the Kansas City Area Technical School ("KCATS") and attending class at a retirement home in Wyandotte County, Kansas. Plaintiff claims that during clinical exercises and while she was attempting to assist her class instructor, Vineta

Belden ("Belden"), and another classmate with a patient transfer, Belden shouted at her and then, without provocation, used her hand to strike Plaintiff on her back and on the back of her legs.

On April 24, 2006, Plaintiff filed her Petition in Wyandotte County District Court against Defendants USD No. 500 and Belden.  She asserted claims under Kansas law for assault (Count I) and battery (Count II) against Belden.   Plaintiff also seeks to impose liability against Defendant USD No. 500 for these allegedly intentional torts, based upon the theory of *respondeat superior* under Kansas common law (Count IV).  She further claims, pursuant to 42 U.S.C. § 1983, that Defendant USD No. 500 violated her right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution (Count III).

Paragraph 2 of the Petition states that Defendant USD No. 500 "may be served with process by delivering a Summons and copy of this Petition to Susan Westfahl, Board of Education, Unified School District No. 500, Wyandotte County, State of Kansas, 625 Minnesota Avenue, Kansas City, Kansas 66101."  Paragraph 7 further provides that "[a] written Notice of Claim prepared on behalf of the plaintiff pursuant to K.S.A. 12-105b(d) was filed with Defendants on or about October 27, 2005."

After removing the case to this court, Defendant filed its Answer on May 20, 2006 (doc. 6).  It thereby asserted the affirmative defense of insufficiency of process and insufficiency of service of process.  It thereafter filed a Motion to Dismiss Defendant Belden and the instant Motion for Judgment on the Pleadings.  On February 16, 2007, the Court granted Belden's unopposed Motion to Dismiss Plaintiff's assault and battery claims with prejudice, based upon Plaintiff's failure to serve process and because the claims were barred by the Kansas one-year statute of limitations.  Plaintiff's only remaining claims are her state law claim for assault and battery based upon a

2

*respondeat superior* theory of liability (Count IV) and her claim under Section 1983 (Count III), both asserted against Defendant USD No. 500.  On November 21, 2006, Defendant filed its Motion for Judgment on the Pleadings (doc. 10).  On April 23, 2007, it filed its Motion for Summary Judgment (doc. 36).

II.     **Motion for Judgment on the Pleadings**

Defendant moves the Court, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings as to Plaintiff's state law claim for assault and battery based on a *respondeat superior* theory of liability*,* and her claim under 42 U.S.C. § 1983.  Defendant first contends that the Court lacks subject matter jurisdiction over the state law claim, because Plaintiff failed to file a notice of claim upon Defendant, as required by K.S.A. 12-105b.  Second, it contends that Plaintiff failed to obtain proper service of process upon it as required by K.S.A. 60-304(d)(4).  Third, it asserts that the state law claim is barred by the one-year Kansas statute of limitations.  Fourth, it contends that Plaintiff fails to allege any facts in her Petition to impose municipal liability under § 1983.

A.     **State Law Claim (Count IV)**

1.     **Notice of Claim**

Defendant contends it is entitled to judgment on the pleadings on Plaintiff's state law claim for assault and battery based upon a *respondeat superior* theory of liability.  Defendant asserts that the Court lacks subject matter jurisdiction over the claim, due to Plaintiff's failure to properly file a notice of claim as required by K.S.A. 12-105b(d).

As a procedural matter, the Court notes that Defendant raises lack of subject matter jurisdiction in its Motion for Judgment on the Pleadings and attaches additional evidentiary materials to its brief, including Plaintiff's October 27, 2005 purported notice of claim letter, and two

affidavits.  A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice.[1]  The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain.[2]  A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss.[3]  In reviewing a Rule 12(c) motion, the court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor.[4]  The court's function on a Rule 12(b)(6) motion is not to "weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted."[5]  For this purpose, the facts in the case are limited to the well-pleaded allegations in the complaint.[6]

Defendant's Motion for Judgment on the Pleadings, however, also challenges the jurisdiction of the Court over the subject matter of this case.  For this purpose the motion relies upon evidence outside the pleadings.  Fed. R. Civ. P. 12(h)(3) authorizes the Court to dismiss the action

---

[1]*Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1281 (D. Kan. 1997).

[2]*Id.*

[3]*Mock v. T.G. & Y.*, 971 F.2d 522, 528 (10th Cir. 1992).

[4]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[5]*Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[6]*See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to . . . any other pleading outside the complaint itself").

"whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Accordingly, the Court will consider this as a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1).[7]

In asserting a Rule 12(b)(1) motion, Defendant may either (1) make a facial challenge to Plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint; or (2) go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based.[8]  In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[9]  The party seeking to invoke federal jurisdiction bears the burden of alleging and proving by a preponderance of the evidence the facts necessary to support jurisdiction.[10] A court "lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[11]

---

[7]*See Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, 439 F. Supp. 2d 1171, 1173 (W.D. Okla. 2006) (considering a motion for judgment on the pleadings that challenged the Court's subject matter jurisdiction under the standards applicable to Rule 12(b)(1) motions).  *See also* 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2004) ("For example, if a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1).").

[8]*Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

[9]*Id.* (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

[10]*Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).

[11]*Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 800 (10th Cir. 2000) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's state law claim, due to Plaintiff's failure to properly file a notice of claim as required by K.S.A. 12-105b(d). The parties do not dispute that Defendant is included in the definition of a "municipality" under K.S.A. 12-105a(a) and that Plaintiff had a duty to comply with K.S.A. 12-105a(d) for her tort claim under Kansas law.  Filing proper notice of a claim against a municipality is a prerequisite to filing an action with the district court.[12]  Furthermore, failure to provide the statutory notice of a claim in accordance with K.S.A.12-105b precludes relief.[13]  The notice requirements set forth in K.S.A. 12-105b(d) are both mandatory and a condition precedent to bringing a tort claim against a municipality.[14]  Thus, if the statutory requirements of K.S.A. 12-105b are not met, the Court cannot acquire jurisdiction over the municipality.[15]  K.S.A. 12-105b provides as follows:

> Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. *The notice shall be filed with the clerk or governing body of the municipality* and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.  In the filing of a notice of claim, substantial compliance with the

---

[12]K.S.A. 12-105b(a), (d); *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, 81-82, 11 P.3d 1131 (2000).

[13]*Gessner*, 270 Kan. at 82, 11 P.3d at 1134.

[14]*Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996) (citation omitted).

[15]*Myers v. Board of County Com'rs of Jackson County*, 280 Kan. 869, 876-77, 127 P.3d 319, 325 (2006).

provisions and requirements of this subsection shall constitute valid filing of a claim.[16]

Defendant argues that the Court should not accept Plaintiff's naked allegation that her October 27, 2005, demand letter satisfies the jurisdictional notice requirements of K.S.A. 12-105b, but should examine whether this document actually complies with the statutory requirements. It maintains that Plaintiff's demand letter was never intended to be a K.S.A. 12-105b notice of claim because it was only left open for a period of thirty days, while the statute requires that claim must remain open for a period of 120 days. Defendant further points out that the letter fails to contain Plaintiff's address as required by statute.

The Court has reviewed the October 27, 2005 letter and finds that, other than Plaintiff's address, the letter otherwise contains the information required by K.S.A. 12-105b(d). The letter provides Plaintiff's name, the name and address of her attorney, a concise statement of the factual basis for the claim, a concise statement of the nature and extent of injuries, and a statement of monetary damages being requested. The Court finds the omission of her address is minor and should not render her notice of claim invalid. The Court further finds that Plaintiff's reference to a thirty-day period for accepting her offer does not render her notice invalid.

Defendant next argues that Plaintiff has failed to comply with K.S.A. 12-105(d) because she failed to "file" her October 27, 2005 letter with the "clerk or governing body of the municipality." Plaintiff concedes that her October 27, 2005 letter mailed to the Director of KCATS was not filed with the clerk or governing body. She nevertheless contends that her October 27, 2005 demand letter, mailed by certified mail to the Director of KCATS, provided written notice of her claims against Defendant in substantial compliance with K.S.A. 12-105b(d).

---

[16]K.S.A. 12-105b(d) (emphasis added).

In *Myers v. Board of County Commissioners of Jackson County,*[17] the Kansas Supreme Court clarified what constitutes substantial compliance with the statutory requirement that the notice of claim be filed with the clerk or governing body of the municipality.   The case involved a plaintiff who sent a claim letter and proposed petition to the county counselor.[18]   The county counselor presented the letter to the board of county commissioners and, without a formal hearing, reviewed and rejected Myers' claim.[19]   The district court held that serving the notice of claim on the county counselor did not comply with the statute.[20]   The Court of Appeals reversed the district court and held that the plaintiff had substantially complied with the notice provisions of K.S.A. 12-105b.[21] After an in-depth discussion of the Kansas state and federal decisions addressing the issue, the Kansas Supreme Court held otherwise.  Reversing the Court of Appeals, it held that the service of a notice of claim upon the county counselor, or anyone else who is not the clerk or governing body of the county, did not substantially comply with the notice of claim statute, K.S.A. 12-105b.[22]   The Kansas Supreme Court recognized its earlier decisions in *Bell v. Kansas City, Kansas Housing Authority*[23] and *Orr v. Heiman,*[24] which suggested that a claimant be afforded some latitude in serving a notice of claim.  It nevertheless rejected the argument that notice to the county counselor

---

[17]280 Kan. 869, 876-77, 127 P.3d 319, 325 (2006).

[18]*Id.* at 869, 127 P.3d at 321.

[19]*Id.* at 869-70, 127 P.3d at 321.

[20]*Id.* at 870, 127 P.3d at 321.

[21]*Id.*

[22]*Myers*, 280 Kan. at 876-77, 127 P.3d at 325.

[23]268 Kan. 208, 220, 992 P.2d 1233, 1241 (1999).

[24]270 Kan. 109, 113, 12 P.3d 387, 389 (2000).

constituted substantial compliance and that the objective of the statute had thus been achieved.[25] The *Myers* court distinguished the case before it from prior decisions on the basis that the county counselor had no authority or control over the board.[26]  Finally, it concluded that if it found the notice served upon the county counselor substantially complied with K.S.A. 12-105b, then it would be establishing a new, judicially-created method of serving notice beyond the methods established by the legislature.[27]

Applying *Myers*, the Court finds that Plaintiff's October 27, 2005 letter, sent by certified mail to the Director of KCATS, does not constitute substantial compliance with K.S.A. 12-105b(d) and does not satisfy the requirements for filing the requisite written notice under the statute. Because K.S.A. 12-105b is jurisdictional, the Court cannot acquire jurisdiction over Plaintiff's state law claim against Defendant.[28]  Plaintiff's state law claim for assault and battery under a *respondeat superior* theory of liability should therefore be dismissed for lack of subject matter jurisdiction.

### 2.	Service of Process

Were the jurisdictional issue not controlling, Plaintiff's state law claim for assault and battery under a *respondeat superior* theory of liability would nevertheless be dismissed for failure to obtain valid service of process over Defendant.  The Court construes Defendant's Motion for Judgment on the Pleadings as a motion to dismiss for insufficiency of service of process under Fed. R. Civ. P.

---

[25]*Myers*, 280 Kan. at 875, 127 P.3d at 324.

[26]*Id.* at 876, 127 P.3d at 324.

[27]*Id.*

[28]*See id.* at 876-77, 127 P.3d at 325 ("If the statutory requirements [of K.S.A. 12-105b] are not met, the court cannot acquire jurisdiction over the municipality").

12(b)(5).  Defendant has previously raised this defense in its Answer and thus has not waived it pursuant to Fed. R. Civ. P. 12(h)(1).

In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he or she has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant.[29]  The parties may submit affidavits and other documentary evidence for the court's consideration, and plaintiff is entitled to the benefit of any factual doubt.[30]

K.S.A.60-304(d)(4) sets forth the specific requirements for service of process on public school districts.  It provides that service of process shall be made "by serving the clerk or secretary or, if not to be found, to any officer, director or manager thereof."  It further provides that "[s]ervice by return receipt delivery shall be addressed to the appropriate official at the official's governmental office."[31]  K.S.A. 60-204 also recognizes the sufficiency of substantial compliance for service of process.  Although Plaintiff did not technically comply with the requirements of K.S.A.60-304(d), the Court must determine whether her purported service may yet be valid under K.S.A. 60-204.  The statute recognizes the adequacy of substantial compliance with some method of service of process:

> In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was

---

[29]*Taher v. Wichita State Univ.*, No. 06-2132-KHV, 2007 WL 852364, at *1 (D. Kan. Mar. 19, 2007).

[30]*Id.*

[31]K.S.A. 60-304(d).

pending in a specified court in which his or her person, status or property were subject to being affected.[32]

This case thus presents the issue of whether Plaintiff's mailing of the summons and complaint by certified mail to "Unified School District No. 500" substantially complied with K.S.A 60-304(d)(4). In *Briscoe v. Getto*,[33] the Kansas Supreme Court, interpreting "substantial compliance," held that "[b]efore there can be a valid personal service of process there must be substantial compliance with some method of process provided in K.S.A. 60-301 *et seq*. It is only after substantial compliance has occurred that irregularities and omissions can be cured by awareness of a pending proceeding."[34] The plaintiff must first show that he or she has substantially complied with some statutory method of service.[35]

This Court has previously addressed whether service of process by mailing a summons and the complaint to a school district constitutes substantial compliance with K.S.A. 60-304(d).[36] In *Riddle v. Wichita Public Schools, Unified School District No. 259*,[37] the plaintiff attempted to serve the defendant Wichita Public Schools with the summons and complaint by certified mail addressed generally to "Wichita Unified School District 259." The court in *Riddle* concluded that the plaintiff failed to substantially comply with K.S.A. 60-304(d)(4), which requires that service by return

---

[32]K.S.A. 60-204.

[33]204 Kan. 254, 256-57, 462 P.2d 127, 129 (1969).

[34]*Id*. at 257, 462 P.2d at 129.

[35]*Id*.

[36]*See Riddle v. Wichita Pub. Schs., Unified Sch. Dist. No. 259,* Civ. A. No. 04-1400-MBL, 2005 WL 1563444, at *1-3 (D. Kan. June 30, 2005); *Taher*, 2007 WL 852364, at *3.

[37]2005 WL 1563444, at *1-2.

receipt delivery be addressed to "the appropriate official at the official's governmental office."[38] The Court noted that the purpose of the statutory requirement for service upon a government entity by return receipt delivery, i.e., that service be addressed to the appropriate official at the official's governmental office, is to ensure that a summons and complaint mailed to the entity are directed to individuals who recognize the significance of the mailing and direct it to the appropriate person within the organization.[39]

Similarly, in *Taher v. Wichita State University*,[40] the Court held that the defendant's knowledge of the lawsuit was insufficient to establish substantial compliance under K.S.A. 60-204. The Court found that the plaintiff must first show that he or she has substantially complied with some statutory method of service.[41]   The applicable statute in *Taher*, K.S.A. 60-304(d)(5), required service upon the university president, the state attorney general, or an assistant attorney general.  The Court held that the plaintiff's attempt to serve the defendant by serving its vice president and general counsel by certified mail did not constitute substantial compliance with the statute.[42] The *Taher* court noted that under Kansas law, "[w]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in his place.  The designation of one particular officer upon whom service may be made excludes

---

[38]*Id.* at *3.

[39]*Id.* at *2.

[40]No. 06-2132-KHV, 2007 WL 852364, at *3 (D. Kan. Mar. 19, 2007).

[41]*Id.*

[42]*Id.*

all others."[43]  Although the Court held that plaintiff had not substantially complied with the statutory requirements for service of process on Wichita State University, it deemed the defective service to be curable, and it quashed service and gave the plaintiff an opportunity to re-serve defendant.[44]

In this case, Plaintiff sent the summons and her Petition by certified mail, addressed to "Unified School District No. 500, Wyandotte County State of Kansas, 625 Minnesota Avenue, Kansas City, KS 66101."  The mailing did not designate a particular officer or person to whom the process should be delivered.  The certified mail receipt was signed by Gerri Skaggs, Secretary to the Director of Public Information for Defendant.

The Court finds that Plaintiff's method of serving the summons and Petition on Defendant was defective.  She failed to sufficiently address the mailing so that it would be delivered to the appropriate official, i.e., the secretary or clerk of the school board.  Plaintiff was aware of the correct manner to serve process on Defendant; she stated in her Petition that Defendant "may be served with process by delivering a Summons and copy of this Petition to Susan Westfahl, Clerk, Board of Education, Unified School District No. 500, Wyandotte County, State of Kansas, 625 Minnesota Avenue, Kansas City, Kansas 66101."  While she may have been aware of the correct manner to serve Defendant, her mailing of the summons and complaint merely to "Unified School District No. 500" without further identification of the appropriate official to whom the mailing should be directed faults her argument of substantial compliance with K.S.A.60-304(d)(4).

---

[43]*Id.* (quoting *Knight v. State of Kansas, Bd. of Regents, Univ. of Kan. Med. Ctr*, Civ. A. No. 89-2392-O, 1990 WL 154206, at *1 (D. Kan. Sept. 6, 1990)).

[44]*Id.* at *4 (citing *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983)).

The Court recognizes that a defect in service may be curable if the applicable statute of limitations has not expired.  In this case, the statute of limitations for Plaintiff's state law claim based on a *respondeat superior* theory of liability is one year.[45]  Because Plaintiff's cause of action arose on September 20, 2005, the statute of limitations on her state law claim has expired so as to preclude any attempt to cure service.  Accordingly, Plaintiff's state law claim for assault and battery on the basis of *respondeat superior* should also be dismissed with prejudice for lack of valid service of process under K.S.A. 60-304(d)(4).

**B.     Section 1983 Claim (Count III)**

Defendant also seeks judgment on the pleadings as to Plaintiff's § 1983 claim.  It argues that Plaintiff has failed to allege any conduct by a policymaker sufficient to impose municipal liability upon it.  Defendant contends, moreover, that the Petition fails to state a claim against it for violating any right of Plaintiff to substantive due process.  It further argues that the alleged actions of Ms. Belden, the class instructor, were not arbitrary, did not lack a rational basis, and were not shocking to the conscience.

To prevail on a claim under 42 U.S.C. § 1983, Plaintiff must prove two elements:  (1) that she was deprived of a right secured by the Constitution or laws of the United States;  and (2) that she was subjected or caused to be subjected to this deprivation by a person acting under color of state law.[46]  Under 42 U.S.C. § 1983, a school district cannot be held liable for the acts of its employees and agents simply upon a theory of vicarious liability or *respondeat superior*.[47]  It is

---

[45]*See* K.S.A. 60-514(b) (one-year limitation on actions for assault and battery).

[46]*Flagg Bros. Inc., v. Brooks*, 436 U.S. 149, 155 (1978).

[47]*See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978); *Sauers v. Salt Lake County*,
(continued...)

well-settled that a governmental entity "may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees."[48] Thus, a school district can be liable under § 1983 only if an official custom or policy caused a violation of the constitutional rights of the plaintiff,[49] or an individual with final policymaking authority made the decision that violated the plaintiff's constitutional rights.[50] "A municipal wrong is one resulting from the enforcement of a municipal policy or custom; a 'municipal custom or policy' may be established through an officially promulgated policy, a custom or persistent practice, deliberately indifferent training that results in the violation of a plaintiff's federally protected rights, or a single decision by an official with final policymaking authority."[51]

Plaintiff alleges in Count III of her Petition that she has a substantive due process right to be free of state-occasioned harm to her bodily integrity.  She contends this right was violated by Defendant's acts and omissions that led to the reasonably foreseeable physical abuse by her instructor, which Defendant failed to prevent.  Plaintiff claims that Defendant deprived her of substantive due process rights by its deliberate indifference to, or tacit authorization of, the

---

[47](...continued)
1 F.3d 1122, 1129 (10th Cir. 1993).

[48]*Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *Monell,* 436 U.S. at 694).

[49]*See Monell*, 436 U.S. at 694; *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[50]*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-84 (1986) (single decision by official responsible for establishing final policy may give rise to municipal liability); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (local governmental entity such as a school board may only be held liable for decisions made by officials who have authority under state law to speak as final decisionmakers on the particular issue); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992) (same).

[51]*Monell*, 436 U.S. at 694; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-24 (1988).

foreseeable physical abuse committed by its employee.  Plaintiff also alleges that Defendant failed and refused to adopt policies and practices adequate to protect students, and failed to supervise, educate and effectively administer its employees at the technical school where Plaintiff was enrolled as a student.

Accepting as true all well-pleaded facts and viewing all reasonable inferences from those facts in favor of Plaintiff, the Court finds that the allegations in her Petition suffice to defeat a motion for judgment on the pleadings.  Defendant has not "clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law"[52] on Plaintiff's § 1983 claim.  Accordingly, the Court denies Defendant's Motion for Judgment on the Pleadings as to this claim.

As a result of the Court's rulings on Defendant's Motion for Judgment on the Pleadings above, Plaintiff's only remaining claim against Defendant is under 42 U.S.C. § 1983.  As previously discussed, Plaintiff's method of service of the summons and Petition on Defendant is defective. That defect subjects Plaintiff's § 1983 claim to dismissal for lack of service of process; however, because the statute of limitations of two years[53] has not yet expired on the § 1983 claim, and because the defects in service of process are curable, the Court declines to dismiss the § 1983 claim for those defects.

### III.    Motion for Summary Judgment

---

[52]*Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.,* 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *U.S. v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

[53]*See Baker v. Board of Regents of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993) (the appropriate limitations period in Kansas for a § 1983 action is the two-year period established for actions for "injury to the rights of another" contained in K.S.A. 60-513(a)(4)).

Defendant contends that it is entitled to summary judgment upon the § 1983 claim for lack of evidence that it violated Plaintiff's right to substantive due process. After reviewing the evidence and briefs submitted by the parties, the Court agrees.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law.[54] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[55] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[56] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[57]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[58] In attempting to meet that standard, a movant who does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[59]

---

[54]Fed. R. Civ. P. 56(c).

[55]*Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).

[56]*Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[57]*Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[58]*Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[59]*Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

17

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[60]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[61]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[62]  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[63]

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[64]

A school district may be held liable under § 1983 if the plaintiff establishes the existence of a policy adopted by the school board or the existence and maintenance of a custom of failure to receive, investigate, or act on complaints of violations of a student's constitutional rights to be free of abuse at the hands of the district's employees.[65] To establish a case based upon custom, a plaintiff must prove: (1) the existence of a continuing, persistent, and widespread practice of unconstitutional

---

[60] *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324.

[61]*Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[62]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quotation omitted).

[63]*Adams*, 233 F.3d at 1246.

[64]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[65]*Gates v. Unified Sch. Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

misconduct by the school district's employees; (2) deliberate indifference to or tacit approval of such misconduct by the school district's policymaking officials after notice to the officials of that particular misconduct; and (3) that the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's custom and that the custom was the moving force behind the unconstitutional acts.[66]

Plaintiff argues in her opposition to the Motion for Summary Judgment that the unconverted facts demonstrate that her constitutional rights to be free of state-occasioned harm to her bodily integrity and to freedom and protection from physical abuse while on school property under the care, control, and custody of Defendant were violated. Plaintiff, however, has not set forth any facts, controverted or otherwise, that would establish municipal liability against Defendant. The only uncontroverted fact relevant to municipal liability under § 1983 is that Plaintiff reported the incident to Johnny Stevenson, Director of KCATS. The mere fact that Plaintiff reported the incident to the Director of KCATS, however, does not establish municipal liability.

Plaintiff offers no evidence that Defendant promulgated any policy authorizing or encouraging its employees to strike or threaten students. Nor does she make any allegations regarding such a policy. Plaintiff fails to allege that the conduct of teachers in striking or threatening students is so customary as to demonstrate the existence of an unarticulated policy authorizing or encouraging such conduct by Defendant. To the contrary, no facts suggest that the incident where her instructor allegedly struck Plaintiff and shouted at her without provocation was anything but an isolated occurrence. In short, Plaintiff has failed to show any existence of a continuing, persistent, and widespread practice of unconstitutional misconduct by the school district's employees.

---

[66]*Id.*

A municipality may be liable for a single incident under § 1983 if the plaintiff establishes that the decision resulting in the violation of her constitutional rights was made by a municipal employee who possesses final authority to establish policy with respect to the challenged action.[67] In *City of St. Louis v. Praprotnik*,[68] the United States Supreme Court summarized the guiding principles, previously set forth in *Pembaur v. City of Cincinnati*,[69] when a decision on a single occasion may be enough to establish an unconstitutional municipal policy:

> First, a majority of the [*Pembaur*] Court agreed that municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.[70]

In *Ware v. Unified School District No. 492*,[71] the Tenth Circuit Court of Appeals held in a § 1983 action filed against a Kansas school board having final policymaking authority, that the plaintiff must establish a direct causal link between the actions of the board and the alleged unconstitutional deprivation. The court held that this link could be established by showing either that the board delegated its decision-making authority to an official whose conduct caused the

---

[67]*See Jett*, 491 U.S. at 736-38; *Praprotnik*, 485 U.S. at 127; *Pembaur*, 475 U.S. at 481-84.

[68]485 U.S. at 123.

[69]475 U.S. at 481-84.

[70]*Praprotnik*, 485 U.S. at 123.

[71]881 F.2d 906, 912-13 (10th Cir. 1989), *modified in part, reh'g denied in part*, 902 F.2d 815 (1990) (citing *City of Canton*, 489 U.S. at 378).

constitutional violation, or that the board exercised its decision-making authority with deliberate indifference to the constitutional rights of the plaintiff.[72]

The Tenth Circuit has interpreted Kansas law and held that the final policymaker for a public school district is its board of education, and that authority cannot be delegated.[73] Taking all facts in the light most favorable to Plaintiff, the Court finds no allegations or evidence showing or even suggesting that Plaintiff's nursing instructor, Belden, possessed any final authority to establish policy for Defendant with respect to the conduct which Plaintiff alleges to have deprived her of a right to be free from state-occasioned harm to her bodily integrity. Plaintiff has presented no facts to support a theory that the board either formally or informally delegated its decision-making authority to Belden. A mere failure to investigate the basis of a subordinate's discretionary decisions, moreover, "does not amount to a delegation of policymaking authority, especially where the wrongfulness of the subordinate's decision arises from a retaliatory motive or other unstated rationale."[74]

Another alternative for establishing liability under § 1983 would require Plaintiff to show that deliberately indifferent training by the municipality resulted in the violation of the her constitutional rights. But to hold Defendant liable under this theory, Plaintiff would have to meet the following requirements: (1) the failure to train or supervise must be so deficient that it shows "deliberate indifference to the constitutional rights" of those with whom the employee will interact;

---

[72]*Id.* at 913.

[73]*Jantz,* 976 F.2d 631 (citing *Ware v. Unified Sch. Dist. No. 492*, 902 F.2d 815 (10th Cir. 1990).

[74]*Praprotnik*, 485 U.S. at 130.

21

and (2) the failure actually caused the wrongdoing to occur.[75]  Deliberate indifference will be found where the nature of the employees' duties or a previous pattern of violations makes it obvious that, without further training, the employees are highly likely to violate citizens' federally protected rights.[76]  To establish "[d]eliberate indifference there must be evidence demonstrating a higher degree of fault than negligence, or even gross negligence, but less than that required to demonstrate an intentional and malicious intent."[77]  The standard for liability in this context is a high one because the acts of the governmental entity must be distinguished from the acts of its employees, and the governmental entity's liability is limited to actions for which the governmental entity is actually responsible.[78]

Applying the deliberate indifference standard, the Court finds that there is no evidence in the record that any failure to train or supervise instructors regarding physical contact with adult students at KCATS by Defendant is so deficient that it shows deliberate indifference to the rights of its students.  The Court finds no allegations or evidence in the record supporting the imposition of § 1983 liability on Defendant.  Defendant is entitled to judgment as a matter of law.  Accordingly, the Court will grant summary judgment in favor of Defendant against Plaintiff's § 1983 claim.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Judgment on the Pleadings (doc. 10) is construed as a motion to dismiss pursuant to Federal Rules of Civil Procedure

---

[75]*City of Canton*, 489 U.S. at 379.

[76]David J. Achtenberg, *Taking History Seriously: Municipal Liability Under 42 U.S.C. § 1983 and the Debate Over Respondeat Superior*, 73 Fordham L. Rev. 2183, 2189 (2005).

[77]*See Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1495-96 (10th Cir. 1990).

[78]*D.T. by M.T. v. Indep. Sch. Dist. No. 16,* 894 F.2d 1176, 1189 (10th Cir. 1990) (citing *Pembaur*, 475 U.S. at 479-80).

12(b)(1) and 12(b)(5) on Plaintiff's state law claim for assault and battery based upon a *respondeat superior* theory of liability and is granted.  The Court lacks jurisdiction over the subject matter of the claim.

  **IT IS FURTHER ORDERED THAT** Defendant's Motion for Summary Judgment (doc. 36) as to Plaintiff's § 1983 claim is granted.   Summary judgment is entered in favor of Defendant on Plaintiff's § 1983 claim (Count III).

  Dated in Kansas City, Kansas on this 27th day of July, 2007.


           <u>s/ Gerald L. Rushfelt</u>
           Gerald L. Rushfelt
           United States Magistrate Judge