# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KATINA ULICH,**

       **Plaintiff,**

v.

       Civil Action

       No. 06-2211-GLR

**UNIFIED SCHOOL DISTRICT NO. 500,**

       **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Deny Costs (doc. 44). Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 54(d)(1) for an order denying Defendant's Bill of Costs, which seeks $1,253.60 from Plaintiff. In response, Defendant filed its Motion to Strike Plaintiff's Motion to Deny Costs (doc. 45). Defendant requests in the alternative that the Court treat its motion as a response in opposition to Plaintiff's Motion to Deny Costs. The Court finds no occasion to strike the motion of Plaintiff. It will overrule the Motion to Strike and treat its substantive content as a response to the motion to deny costs. This moots, of course, the question of prematurity.

Plaintiff has failed to meet her burden to overcome the presumption in favor of awarding costs. Rule 54(d) of the Federal Rules of Civil Procedure provides a general rule that the non-prevailing party must reimburse the prevailing party for "costs other than attorneys' fees."[1] Though

---

[1] Fed. R. Civ. P. 54(d)(1).

the awarding of costs is presumed, the rule allows a court discretion to "otherwise direct[]."[2] If a court denies costs, it must provide a valid reason for not awarding costs to a prevailing party.[3] "The non-prevailing party has the burden to overcome the presumption in favor of awarding costs."[4]

The Tenth Circuit has recognized several situations in which a court may utilize its discretion under Rule 54(d).[5] One such situation is that the non-prevailing party is indigent.[6] The mere fact that the non-prevailing party is indigent, however, does not require a court to deny costs.[7] The Tenth Circuit has held that "the denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'"[8]

In denying costs based on the plaintiff's claim of indigency, the court should first "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future."[9] The plaintiff claiming indigency has the burden of providing the court with sufficient documentation to support such a finding including "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses."[10]

---

[2]*Id.*

[3]*Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 901 (D. Kan. 2007).

[4]*Id.*

[5]*Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995).

[6]*Id.* (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)).

[7]*Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

[8]*Id.* (citations omitted).

[9]*Treaster,* 505 F. Supp. 2d at 902 (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).

[10]*Id.* (examining Seventh Circuit precedent from which Tenth Circuit indigency exception was derived).

In this case, the only documentation provided by the Plaintiff is abstracted deposition testimony. The testimony indicates merely that at one time Plaintiff suffered financial hardship. The Court finds this evidence insufficient. Plaintiff has presented no evidence of her present financial status. She has failed to meet her burden to overcome the presumption in favor of awarding costs. Defendant has done nothing to deserve a penalty. Plaintiff has provided the Court with inadequate documentation of present indigence.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Deny Costs (doc. 44) and Defendant's Motion to Strike Plaintiff's Motion to Deny Costs (doc. 45) are overruled as set forth herein.

Dated in Kansas City, Kansas on this 6th day of November, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge